Good morning, Your Honors. May it please the Court, my name is Araceli Perez-Burriso and I represent the petitioner, Ms. Darlene Avila. And please keep your voice up. Yes, Your Honor. Thank you. Ms. Avila's case presents four issues I'd like to address today. The first issue is whether the government carried its burden of establishing removability by clear, convincing and unequivocal evidence where the record of conviction does not necessarily show that she was convicted of a controlled substance offense. Let me just ask you right away, how does this case differ from United States v. Snellenberger? Yes, Your Honor. Your Honor, originally we had argued that you could not consider the minute order because before Snellenberger, the minute order was not considered a judicially recognizable document. However, after Snellenberger, the petitioner was hard-pressed to argue you can't consider a minute order because Snellenberger said you specifically could. So in this case, we're not contesting the issue of whether she was in fact convicted of an offense anymore because I think the elements are met. She was convicted of an offense, whether it be 11-352A, the substantive offense, or 11-352B, whether that's considered a substantive offense. So Snellenberger is on point to the issue of whether we can consider the minute order and we concede that point, Your Honor. Thank you. So the first issue is whether she was convicted necessarily of a controlled substance offense as identified in the Controlled Substances Act. If she wasn't, she's not removable under the charges. The second issue is whether, similarly, if she was not convicted of a controlled substance offense, it can't be found that she's an ag fel for having been convicted of a trafficking offense. The third issue is, as I had already pointed, whether Health and Safety Code 11-352B is a substantive offense or an enhancement. Petitioner argues it is an enhancement, thus she was necessarily convicted of 11-352A. And the fourth issue is whether 11-352B, assuming it's a substantive offense, is an aggravated felony. Going to the first issue. In this case, the government presented four documents in support of its removability. The complaint, the plea agreement form, the pre-sentencing report, and the minute order. Only three of those are judicially recognizable documents. The pre-sentencing report is not a judicially recognizable document. When you have a statute such as 11-352B where it's divisible, it includes both controlled substances covered in the Controlled Substances Act and controlled substances that are not covered, you must apply the modified categorical approach and only look at those three documents that we referenced. Here, the complaint identifies heroin. However, the plea agreement does not identify a controlled substance, and the minute order, the sentencing minute order, does not identify a controlled substance. The circuit law here is that if you don't have a connection between a complaint and the judgment of conviction, then you can't automatically assume that she was convicted of that controlled substance in the complaint. That is as recently held by this Court as Bagayon just earlier this year, Your Honor. And this is, again, because 11-352B would be a divisible statute. The second issue is for it to be an aggravated felony, it's the same issue. She has to have been convicted of a controlled substance under the Controlled Substances Act. If she wasn't, it cannot be an aggravated felony. So when the judge found that she was convicted of an aggravated felony, he erred on that point. And thus he erred in finding that she was not eligible for cancellation and removal for permanent residence. The third issue is whether 11-352B constitutes a substantive offense or just an enhancement or an additional penalty provision. The government relies on an unpublished decision where Ms. Avila did seek collateral relief. She did seek post-conviction relief and unfortunately lost on that matter. In an unpublished decision, the Court of Appeals for California held that 11-352B was a substantive offense. However, I ask the Court not to consider an unpublished decision and rather to look at the published decisions on this case, which is Miranda, Your Honor, as cited in Respondent's Brief. In Miranda, the California Court of Appeals for the third... No, you need to stop once in a while and take a breath. Okay, Your Honor. Sorry about that. That's what my trainer tells me. Sometimes we're pressed for time. We try to get it all in there. No, that's all right. Thanks, Your Honor. In Miranda, Your Honor, the California Court of Appeals addressed the issue of whether 11-379A... I'm sorry, 11-379B was an enhancement. 11-379B is a statute identical to 11-352. The only issue is that it relates to different controlled substances. However, the actual substance of the statute is the same. And in 11-379B, the Court held that the penalty provisions of Subdivision A shall be increased when any person transports for sale any controlled substances specified in A within the state from one county to another non-continuous county. This does no more than enhance the sentence for the underlying Section 11-379A. Thus, it was clear in Miranda, a published decision, that Part B is merely an enhancement. And when you have an enhancement, it only means that she was necessarily convicted of Part A, which is a substantive offense. And under this Court's precedent in Rivera-Sanchez, 11-352A is not categorically an aggravated felony because it references transportation, which is the closest analog to what's in 11-352B. And transportation is not an aggravated felony. So again, I ask the Court to look at B as an enhancement, not a substantive offense. Now, assuming that it is a substantive offense, I still don't believe that this is categorically an aggravated felony, assuming she was convicted of a controlled substance. And the reason for that being that just because a statute has the term for sale does not necessarily mean that it is illicit trafficking. This Court in La Silla-Leyva held that solicitation for sale was not an aggravated felony. And so here, because solicitation is not identified in the Controlled Substances Act, here transportation is neither referenced in the Controlled Substances Act. Thus, it can't be found that just because the term for sale is there, that it is an illicit trafficking element. And also, it can't be a felony under the Controlled Substances Act because it's not listed, as I just said, under the Controlled Substances Act. The government relies on Rendon for the proposition that it does necessarily contain an element of trafficking. Rendon is easily distinguishable here on two points. In Rendon, the Court held that possession with the intent to sale was an aggravated felony. Here, it's distinguishable because possession is included clearly in the Controlled Substances Act, whereas transportation is not. In addition, the intent element is included. You can see that she did transport it. We do concede that transportation is an element of the crime. Transportation, however, is not an aggravated felony under the circuit's law in Rivera-Sanchez. So the intent element is here one of the key issues. And the California Court of Appeals has held that in 11-352-B, the element of intent to sell is not included. And that was decided in Patterson, Your Honor. And the site to that is 72 Calap 4th, 438, the 3rd District, 1999. And that's at page 442, where the California Court of Appeals said, again, in 11-379-B, which is an analogous statute, that the statute contains no language indicating a defendant must. That's a new citation you're talking about. It is, Your Honor. So you have to fill out one of these stick sheets here. Yes, Your Honor. I apologize for not having you do that in my research. That's all right. Don't worry about it. The statute contains no language indicating a defendant must intend to facilitate the sale of the drugs in the noncontiguous count. Must save a minute? Must. Must save a minute? Yes, Your Honor. You save a minute like anyone who is saving five. Thank you, Your Honor. I think ten. Ten. All right. What are you going to say about all this? I'm going to say it much slower. My name is Jesse Bless. I represent the Attorney General of the United States. Petitioner's claims have evolved greatly from those presented to the Board and those presented in the briefs. Before the Board and before this Court, when we briefed this case, it was, I was not, the government did not prove I was convicted of any offense, and that my conviction, if true, is not one punishable under the Controlled Substances Act. The issues you just heard were never presented below, and they were never presented in the opening brief, and they shouldn't be considered here. But if they are, the state court case in Miss Avila's own criminal proceeding precludes this Court from revisiting those issues. In that case, What are you referring to? It's people What is it? I filed the 20HA in 2010. The California Court of Appeals issued a decision in Miss Avila's own case. Okay. And that was one where the petitioner said it was unpublished, and I, obviously, it's not, this wasn't a published order, but it's an order in Miss Avila's case. And it was a decision where they looked at, is the, well, first of all, they said, Miss Avila pled guilty to transporting heroin for sale, okay, as alleged in count two. That's number one. Number two, the argument she raises in her reply brief for the first time, Well, are you talking about the minute order? No, no, no, I'm talking about Okay, I've got it here. It says, transport, transport or sale of controlled substance, two-whet heroin, from one county to another non-contiguous county. Two-whet from Los Angeles to Monterey. Okay. Now, so you need to establish that Avila pled guilty to heroin, right? And then don't you need to tie that in to the minute order on tab 10? And if you look at tab 10, it doesn't say heroin, and it doesn't refer to the June 28, 2001 criminal complaint, and all it says is guilty, pled guilty. It says pled guilty to count two. But if there was Oh, yeah, pled guilty to count two, and it refers to 11352B. Right.  But it doesn't say anything about heroin, does it? Well, if there was Does it? No, well, I mean, count two references the complaint, which says heroin. It doesn't. Count two does not? Count two was No, no, no, I'm looking at the minute order. It says pled guilty to transport controlled substance for sale out of the county. Does that minute order mention heroin? The minute order does not, but by referencing count two Oh, then you want to refer to Well, that's count two. Right. And then you look at the June 28 criminal complaint. Isn't that when that was, the date of that? Yeah. And it does refer to heroin from one county to another, non-contiguous county. Now, how do you tie the minute order into this June 28, 2001 complaint? Well, first of all, the agency never got to touch on this issue because it wasn't exhausted. You don't think about these things. They have to think about all this. Because we're dealing with a really complex subject that's been made complicated by certain rulings that have come down. And basically, when we're dealing with sentencing and the criminal law, don't we have to think about the rule of lenity? Doesn't that cut across everything? Well, don't take my word for it. Take the California Court of Appeals' word for it. This is a decision from Misa Vila's own criminal case in 2010. The California Court of Appeals, after briefing this case, touched on the very same issue that you're asking me to touch on. Don't take my word for it. Please take the California Court of Appeals. I'm not taking anybody's word for anything. I'm just asking you questions. Correct. But what I would like to tell the court and what I did in a 28-J filing is that the California Court of Appeals issued a ruling in Misa Vila's own case where they specifically identified that she pled guilty to count two as alleged. And they held that California Health and Safety Code 11352B is a substantive offense. These are the issues that she's trying to raise before this court. And the Supreme Court has said that you cannot undo what has been done in the California Court of Appeals. Well, it says here in another one, let's see, this was filed on January 3, 2002, Superior Court, State of California, County of Monterey. And it says, I am pleading guilty, no contest to the offense of 11352, it looks like, what does that be? But it doesn't, this minute order isn't connected to the criminal complaint. You've got the minute order. It doesn't say anything about heroin. Right. And if that issue were exhausted before the board, I would have briefed it. But the fact that I wasn't given that opportunity, neither was the board, what we do have is a case in Misa Vila's own criminal case. I'm holding it up right here. This says, People v. Avila, California Court of Appeals, 2010. Misa Vila pled guilty to count two as charged for trafficking heroin. 11352 is a substantive offense. Those issues, she's trying to present them before this court today. They were decided in her own case. Well, isn't, with respect to application of the modified categorical approach, the documents are what the documents are. It doesn't matter what the California Court of Appeals says she did if the documents don't establish what she did. Isn't that correct? I understand your point on 11352B in terms of California courts interpreting a California statute. But with respect to what she pled to in the application of the modified categorical approach, we're limited and the BIA is limited to the documents that can be considered for that determination. Isn't that true? Right. But just this year, this court held that where you have these documents, if you're going to raise this, it didn't specify the type of controlled substance. That's an issue that has to be exhausted before the board. And if there's any dispute with that, there is a finding. And this court has jurisdiction to determine its own jurisdiction. And one of the powers that this court has is to look at any evidence regarding its jurisdiction. And we submit that people via VILA in the California Court of Appeals clearly and convincingly establishes that Ms. Avila is removable by reason of having committed a controlled substance offense. Why doesn't the Pegorian case control here? Pegorian versus Holder. In what way, Your Honor? Well, given that her plea agreement and sentencing minute order are silent as to the controlled substance, doesn't it have to be something more? If the argument is raised, yes. But here, when this court has jurisdiction to consider any evidence available, and it has done so, even outside the record, we're looking at whether she's removable under 1252A2C, whether Ms. Avila is removable by reason of having committed a controlled substance offense. Regardless of what the board decided, that's this court's first task. And the California Court of Appeals said she pled guilty as alleged. As alleged. For this court to rule otherwise would be to undo what in collaterally attack, would allow a successful collateral attack on Ms. Avila's criminal proceedings. How that power exists is beyond me. But don't we have to look at the documents that DHS submitted? And aren't we limited to that? This court has never held that when it's looking at whether – there's a criminal alien bar at 1252A2C that determines this court's jurisdiction. That court is not bound by the evidence in the record when it makes that jurisdictional decision. It's guided by the board's decision, but it's not bound by it. That means – so if – put it this way. What case are you relying on to say that? This court has always held that a court has jurisdiction to determine its own jurisdiction. What's your authority for that? I mean, I cited it in my brief. You say that we may look at anything regardless of what was before the VA? Let me put it to you this way. And, again, my time's running out. But let me just say this. If the California Court of Appeals had said Ms. Avila pled guilty to a controlled substance that was not one identified in the Controlled Substance Act, I would not bring this case before you today. And if they ruled that 11352B was not a substantive offense, the Attorney General would not be here arguing that it was because it knows that the court is bound by state court rulings. So you're telling us that if the modified categorical approach applied to the documents before the BIA would lead to the inevitable conclusion that there was not proof that the substance was a controlled substance, it doesn't matter because the California Court of Appeals said it was. That's what you're saying the law is? That we don't look at the documents the BIA looked at, we just defer to what the California Court of Appeals said was the fact? In the alien's own case, they can't collaterally attack it. The board is bound by it. Everyone's bound by it because it's their own criminal proceeding. There's a higher standard of proof, obviously, in the criminal context. But when we apply the modified categorical approach, we're supposed to look on appeal at the documents that were presented to support that argument. And I would ask, I would say that the Supreme Court in Shepard never imagined, never, I'm sorry. Isn't that what we're supposed to do? That's correct. These things are complicated enough to deal with, so at least we know we're supposed to focus on what was before the proceedings that led to the conclusion of the modified categorical approach. I mean, the whole thing of modified categorical approach and the other one, I mean, that's just, I know we're trying to reconcile federal statutes and state statutes, and it's not easy to put them together. And it's just, you know, we get so many cases this way, so I guess what we're really saying, in a sense, is that if that's been applied, the government has got to put in whatever is necessary for us to review whether the modified categorical approach has been satisfied. But you're telling us now we've got to go out and look at the state court decisions that are not before us. They're not, you know, we just look at the documents that are presented. Let me just take 20 seconds. This is a judicially noticeable document, and it's one that's very relevant. And it's one that obviously, if it had been possible for the Department of Homeland Security to present it, they obviously would have. It took two seconds. And here, even though the modified and categorical approaches are extremely difficult to apply and one that we struggle with every day, here the work has been done for this court in Ms. Avila's own case. And there's nothing in the Supreme Court, the Supreme Court never could have imagined that judicially noticeable documents would arise out of someone's own case after the initiation of proceedings. This is what we have here. It's unique, but it's not unreliable, and it's certainly probative. It's her own case, and I would rest on that. Well, maybe the next time around. We don't get another time. Well, there's the future, you know, in other cases. So we wait for her to traffic heroin again? We don't have that opportunity. Don't talk that way, huh? I mean, the world isn't going to end with this case. The important thing is to get it right the first time. You know, we've got plenty of work to do. You know, we don't have an easy job. These things take a long time to do. We spent hours looking at this, and I understand what you're saying. I understand what you're saying. So what you're proposing doesn't make our job any easier. It's plenty complicated, believe me. You know, I think if you took all these concepts and you presented them to law students and you presented them in not a very quick and fast way, but you try to just get it over to them, they just sort of have to spend a lot of time to think about it and get all that together. I think that's one thing we all agree on. This is not a simple area of law. This is one that obviously everyone struggles with. Tell me why it shouldn't be. Why shouldn't it be? Why shouldn't it be this complicated? Why should it be? Yeah. Because there's a lot on the line for both sides. And these issues, this is why we come to this great court and we ask this court to rule on the toughest decisions, because you're entrusted with ensuring the rule of law. That's why there's three steps. There's an immigration judge proceeding. There's a board proceeding. What is the rule of law now? The rule of law is we look at what's been presented to us. And now we're going to have to start digging into pulling up the whole state court record and going through it. I don't know. I mean, no, it's... On the one hand, and again, I know I'm way over, but on the one hand, if you're going to allow unexhausted arguments to come... I'm not going to allow anything. No, no, no. I mean, I'm just saying, if you're going to consider, if the court's going to consider, I'm not being critical of the court. I'm trying to... I understand where you're coming from. ...limit the contours of what's going to happen when I sit down. If we're going to consider her unexhausted claim that the documents in the record did not establish or did not tie in heroin to her plea, which was never raised, then it's equally reliable, fair, and probative to consider the new evidence that's publicly accessible from the California Court of Appeals in her own case, which unequivocally shows that the issue has been resolved. And if it... And I submit. Thank you very much. Okay. My one minute, Your Honor. What do we got to say about that? The California Court of Appeals decision refers to heroin. Your Honor, I think the point that the court has made is exactly right. This court is bound by only looking at the record below and the conviction documents that have been submitted. They can't fix their mistakes now and try to introduce additional evidence. The case law and the application of the modified categorical approach is clear. You can only consider what has been presented and what the judicially recognizable documents are. An unpublished decision is not even a judicially recognized document. Let's say... What's your authority for that? For whether... We can't judicially recognize a case of the California Supreme Court? Well, Your Honor, I don't believe a statement in an unpublished decision is evidence. That she pled guilty to count two for heroin is not evidence, just like a statement in a respondent's brief would not be evidence. I think the judicially recognized documents are very clear. You look at only when you have a complaint, the sentencing minute orders, the plea agreements... No, that answers my question. We understand the minute order didn't refer to it, but you just said that we cannot judicially recognize the case? No, you can't recognize documents that are not judicially recognized... judicially noticeable documents. And that's where Taylor only specifies specific documents. An unpublished decision is not. But more importantly from that, I think that issue, had they raised it before the immigration judge, could have been argued. But more importantly is that this Court is only bound to look at the record of conviction below, which does not include the unpublished decision. I misunderstood your statement. The unpublished decision cited by the... And, again, I point to the plea agreement as the Court has done so. It does not show that she pled guilty to heroin. So, in fact, that unpublished decision is incorrect factually. In addition, Your Honor, I'd just briefly like to... She did not plead guilty to trafficking in heroin? No, Your Honor. If you look at the plea form, it specifically says she pled guilty to 11352B, with no reference at all to heroin. In this case. In this case. I understand your argument. Thank you. Your time is up. Thank you. Thank you. I appreciate it. You have to slow down with your speaking. You're probably a very good texter with your two thumbs, I'm sure. But... All right. I will take the second.
judges: Lynn, Pregerson, Nelson